Wood, C. J.
The question submitted for our consideration in this case, is, did the Supreme Court err in the instructions given to the jury ?
The counsel for the plaintiff in error have submitted an argument close, logical and able. It does much credit to their ingenuity, but we are, nevertheless, unable to adopt their views, as applicable to this case. They claim the action is founded upon a supposed rescission of the contract, as to a part of the consideration, the certificates of discharge, without rescinding the agreement in toto, by tendering back the money received, and the certificates of discharge, and demanding a reconveyance of the land, when the contract formed, it is said, but a single transaction, and is entire. No principle is better settled than that a party who would rescind an agreement, must place his adversary in statu quo. If he have received any thing of value, he must offer to restore it or he will not be permitted, by rescinding his agreement, to recover for what he has advanced by reason thereof. The charge of the Court was not inconsistent with any principle here laid down. It does not appear from the record, these honorable discharges were of any intrinsic value whatever; certainly not, in the hands of the purchaser, because, by the laws of the United States, the assignment was absolutely void. Neither does it appear from the record, that they were of value in the hands of the seller, for it is not shown, that the period of his enlistment or his term of service in the army of the United States entitled him to any bounty in land from the government. Under such circumstances, their return was of no importance to the rescission of the agreement. Neither the necessity of a return of those certificates, however, nor of the money received, to enable the defendant in error to recover on the trial, appears to have been made *129 a point in the defence. The bill of exceptions does not show that any instructions were asked of the Court, and it is, therefore, no error that they did not charge the jury on that point, nor would it have been had no charge at all been given to the jury.
But there is nothing in the record to show that there was any claim to have this agreement rescinded by the defendant in error. On the other hand, he counts upon it specially in his declaration, and relies for a recovery on the breach of it by the plaintiff in error, in not delivering two certificates, which would entitle the defendant in error to the contemplated land, and for this failure in making part payment for the land conveyed, damages are sought. This is, in fact, the whole case : If A. convey land to B. and agree to receive payment in cash and other specified property, and the cash only is paid, cannot the vendor sue for the value of the property without returning the cash and demanding back the land? We think he can, and there is nothing more sought or charged by the Court in the case at bar. The' jury have found that these parties acted in the sale and transfer of these certificates, under a mutual mistake.
The law is: If C. receive of D. a thing represented to be valuable, and which C. supposes is so, in payment of a debt, but which is in fact of no value, C. may sue on the original demand for the consideration, as if no payment had been made, and quo ad hoc, treat the thing received as no payment. This transaction was not a barter, however, or exchange of property, as presented in the record, but the sale of a farm, to be paid in cash, and certificates which would entitle the vendor to other lands, and as this part of the consideration failed, the the court did not err, in our opinion, in saying a recovery might be had under the limitations and restrictions set out in the bill of exceptions.
But it is said the Court erred in the rule of damages given to the jury; that the true rule would be, the value of the property sold. The law, however, permits parties, in their agreements, to fix their own terms, conditions and prices: and as *130 they had estimated the certificates at $400, the Court did not err, we think, in holding that amount, with the interest thereon from the time of their delivery, to be the rule of damages.
We are, therefore, of the opinion the judgment' should be affirmed, with costs.
Birchard, J., having been counsel with one of the parties, took no part in this decision.